

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

December 15, 1992

Mr. Todd K. Brown
Executive Director
Texas Workers' Compensation
  Commission
Southfield Bldg., 4000 South IH-35
Austin, Texas 78704

Opinion No. DM-189

Re: Whether the former workers' compensation laws authorize the Industrial Accident Board or its successor to pay for the cost of agency ordered medical examinations of claimants (RQ-400)

Dear Mr. Brown:

You ask whether under former V.T.C.S. article 8307, section 4(a), *repealed by* Acts 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(10) - (12), a provision of the former workers' compensation laws, the cost of a physical examination of a workers' compensation claimant ordered by the Industrial Accident Board or its successor, the Workers' Compensation Commission, is to be borne by the state. You note that although article 8307 including the provisions of former section 4(a) at issue here was repealed with the adoption of the 1989 Texas Workers' Compensation Act, the repealed provisions still govern the commission's processing of claims arising from injuries incurred prior to January 1, 1991, the effective date of the new act. *See* Acts 1989, 71st Leg., 2d C.S., ch. 1, §§ 16.01 (repealer), 17.18 (repealed law continued in effect for injuries sustained prior to January 1, 1991).

The physical examination which you ask about is provided for in former section 4(a) as follows, in pertinent part:

> The Board .... may require any employee claiming to have sustained injury to submit himself for examination before such Board or someone acting under its authority at some reasonable time and place within the State, and as often as may be reasonably ordered by the Board to a physician or physicians, a chiropractor or chiropractors authorized to practice under the laws of this State.

There is no provision stating who is to bear the cost of such examination. Notably, the counterpart provisions of the new 1989 Workers' Compensation Act, V.T.C.S. article 8308-4.16, provide that the cost of an examination ordered by the successor of the Industrial Accident Board under the law, the Workers' Compensation Commission, is to be paid by the insurance carrier.

You indicate that the commission, and its predecessor the board, have long construed the old law provisions at issue here, to leave to the state agency the responsibility of paying the costs of the agency-ordered examinations provided for therein. You note that other provisions of section 4, found in subsection (b), permit the insurance carrier, the "association," to require that a claimant be examined by physicians or chiropractors of the association's choosing, but specify that "[t]he Association shall pay for such examination and the reasonable expense incident to the employee in submitting thereto" -- suggesting that where the legislature has intended in these provisions that others than the state agency are to bear costs, it has so specified. *See also* V.T.C.S. art. 8307, §§ 4(b) (provision where claimant selects own physician or chiropractor to participate in examination requested by association, association shall pay such physician's or chiropractor's fees, as determined by board), (e) (provision where claimant appeals board decision, board may require claimant to pay cost of preparing board records for submission to reviewing court) (repealed 1989).

We believe that the board's and commission's long standing construction of the provisions of section 4(a) at issue here is reasonable, and would be given considerable deference by a court. *See, e.g., Calvert v. Kadane*, 427 S.W.2d 605 (Tex. 1968). Therefore we conclude that the commission may continue to implement this construction and itself pay the cost of physical examinations of claimants ordered by the board or commission under the above-quoted provisions of section 4(a).

### S U M M A R Y

The long-standing construction by the Industrial Accident Board and its successor, the Workers' Compensation Commission, of the provisions of section 4(a) of former V.T.C.S. article 8307 as leaving to the state agency the responsibility for paying the cost of board or commission ordered physical examinations of claimants is reasonable.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William M. Walker
Assistant Attorney General